| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**JONATHAN L. BENDER, P.C.**<br>Jonathan L. Bender (JLB 4147)<br>385 Kings Highway North<br>Cherry Hill, New Jersey 08034<br>(856) 667-1669<br>Attorney for Creditor Isaac Neger | |
| In re:<br><br>HERSCH GOLDSTEIN,<br><br>　　　　　　　　Debtor.<br>ISAAC NEGER,<br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HERSCH GOLDSTEIN and<br>HENNIE GOLDSTEIN,<br><br>　　　　　　　　Defendants. | Chapter 13<br>Case No. 22-15671 (MBK)<br><br>Judge: Hon. Michael B. Kaplan<br><br><br>Adv. Pro. No. _____ |

### **COMPLAINT OF CREDITOR ISAAC NEGER TO AVOID FRAUDULENT TRANSFER**

Plaintiff Isaac Neger, by and through his undersigned counsel, hereby alleges as follows:

### **THE PARTIES**

1. Plaintiff is an individual with an address at 1726 Reisterstown Road, Baltimore, Maryland 21208.

2. Defendant Hersch Goldstein (the "Debtor") is an individual with an address at 193 Ashdown Forest Lane, Toms River, New Jersey 08755.

1

3. Defendant Hennie Goldstein (the "Non-Debtor") is an individual with an address at 193 Ashdown Forest Lane, Toms River, New Jersey 08755.

4. At all relevant times, the Debtor and Non-Debtor were husband and wife.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. §157(b) and §1334.

6. This action is a core proceeding pursuant to 28 U.S.C. §157(b).

7. Venue is proper in this District pursuant to 28 U.S.C. §1409.

## BACKGROUND

### Plaintiff's Judgment

8. On April 15, 2021, Plaintiff obtained a judgment against the Debtor in an action filed in the Superior Court of New Jersey (the "Superior Court"), Ocean County (Case No. OCN-L-507-21). The amount of the judgment was $225,000, plus lawful pre-judgment and post-judgment interest (the "Judgment," attached as **Exhibit A**).

9. On April 16, 2021, Plaintiff recorded the Judgment in the civil docket of the Clerk of the Superior Court (attached as **Exhibit B**).

10. As a result, Plaintiff became the holder of a judgment lien on all real property owned by the Debtor in the State of New Jersey.

### The Transfer

11. At the time of the Judgment, the Debtor was the fee simple owner of the real property located at 193 Ashdown Forest Lane, Toms River, New Jersey 08755 (the "Property") and held a 100% interest therein.

12. On or about June 1, 2021, the Debtor conveyed a 50% interest in the Property to the Non-Debtor (the "Transfer").

## The Bankruptcy

13. On July 18, 2022 (the "Petition Date"), the Debtor filed a Chapter 13 petition (the "Petition") in the above-captioned bankruptcy matter (the "Bankruptcy").

14. On July 21, 2022, the Debtor filed a proposed Chapter 13 Plan in the Bankruptcy (the "Proposed Plan").

15. The Petition, including the Debtor's schedules thereto, listed Plaintiff as a fully unsecured creditor with a claim of $180,000.

16. The Proposed Plan treated Plaintiff's claim as fully unsecured.

17. On August 22, 2022, Plaintiff filed a Proof of Claim in the Bankruptcy, and amended it (not as to the amount) on August 29, 2022.

18. Plaintiff's Proof of Claim asserted a secured claim on the Property for the amount of the Judgment through the Petition Date.

## FIRST COUNT
## Avoidance of Fraudulent Transfer -- N.J.S.A. §25:2-25(a)(1)

19. Plaintiff realleges each of the allegations above as if fully set forth herein.

20. Upon information and belief, the Debtor made the Transfer with actual intent to hinder, delay and/or defraud Plaintiff and/or other creditors.

21. As a result, Plaintiff has suffered damages.

22. In light of the foregoing, the Transfer is fraudulent pursuant to N.J.S.A. §25:2-25(a)(1).

23. As a result, pursuant to N.J.S.A. §25:2-29(a)(1), Plaintiff is entitled to avoid the Transfer to the extent necessary to satisfy Plaintiff's claim.

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendants avoiding the Transfer to the extent necessary to satisfy Plaintiff's claim; and granting such other relief as the Court deems just and proper.

## SECOND COUNT
## Avoidance of Fraudulent Transfer -- N.J.S.A. §25:2-25(a)(2)

24. Plaintiff realleges each of the allegations above as if fully set forth herein.

25. The Debtor did not receive a reasonably equivalent value in exchange for the Transfer.

26. Upon information and belief, at the time of the Transfer, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

27. As a result, Plaintiff has suffered damages.

28. In light of the foregoing, the Transfer is fraudulent pursuant to N.J.S.A. §25:2-25(a)(2).

29. As a result, pursuant to N.J.S.A. §25:2-29(a)(1), Plaintiff is entitled to avoid the Transfer to the extent necessary to satisfy Plaintiff's claim.

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendants avoiding the Transfer to the extent necessary to satisfy Plaintiff's claim; and granting such other relief as the Court deems just and proper.

## THIRD COUNT
## Avoidance of Fraudulent Transfer -- N.J.S.A. §25:2-27(a)

30. Plaintiff realleges each of the allegations above as if fully set forth herein.

31. Plaintiff's claim arose before the Transfer.

32. Upon information and belief, the Debtor did not receive a reasonably equivalent value in exchange for the Transfer.

33. Upon information and belief, the Debtor was insolvent at the time of the Transfer, or became insolvent as a result of thereof.

34. As a result, Plaintiff has suffered damages.

35. In light of the foregoing, the Transfer is fraudulent pursuant to N.J.S.A. §25:2-27(a).

36. As a result, pursuant to N.J.S.A. §25:2-29(a)(1), Plaintiff is entitled to avoid the Transfer to the extent necessary to satisfy Plaintiff's claim.

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendants avoiding the Transfer to the extent necessary to satisfy Plaintiff's claim; and granting such other relief as the Court deems just and proper.

## FOURTH COUNT
### Avoidance of Fraudulent Transfer -- N.J.S.A. §25:2-27(b)

37. Plaintiff realleges each of the allegations above as if fully set forth herein.

38. Plaintiff's claim arose before the Transfer.

39. At all relevant times, the Non-Debtor was an insider of the Debtor.

40. Upon information and belief, the Debtor made the Transfer to the Non-Debtor for an antecedent debt.

41. Upon information and belief, the Debtor was insolvent at the time of the Transfer.

42. Upon information and belief, the Non-Debtor had reasonable cause to believe the Debtor was insolvent at the time of the Transfer.

43. As a result, Plaintiff has suffered damages.

44. In light of the foregoing, the Transfer is fraudulent pursuant to N.J.S.A. §25:2-27(b).

45. As a result, pursuant to N.J.S.A. §25:2-29(a)(1), Plaintiff is entitled to avoid the Transfer to the extent necessary to satisfy Plaintiff's claim.

**WHEREFORE**, Plaintiff hereby demands judgment against the Defendants avoiding the Transfer to the extent necessary to satisfy Plaintiff's claim; and granting such other relief as the Court deems just and proper.

Dated: February 3, 2023             Jonathan L. Bender, P.C.

By: */s/ Jonathan L. Bender*
Jonathan L. Bender, Esq. (JLB-4147)
Attorneys for Plaintiff
385 Kings Highway North
Cherry Hill, New Jersey 08034
(856) 667-1669

5